IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO CRUZ,

        Plaintiff,                       Case No. 1:06-cv-00289 ALA (P)

   vs.

J. WOODFORD, et al.,

        Defendants.              ORDER

_____/

      Plaintiff, Ricardo Cruz, is a state prisoner proceeding *pro se* and in *forma pauperis* with his civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on March 15, 2006, claiming that defendants Woodford, Reed, and Capot violated his right to privacy, subjected him to cruel and unusual punishment and an unreasonable risk of serious harm, and deprived him of his protected liberty interest. Plaintiff alleges that these violations occurred from August 5, 2004 through August 7, 2004, after his housing unit underwent a contraband sweep. Plaintiff alleges he underwent (1) two x-ray searches without proper protection from harmful radiation, (2) a body cavity search in the presence of female officers, and (3) "potty watch" over the course of two days in a segregated cell where two female officers were assigned to watch Plaintiff have required bowel movements.

/////

On April 24, 2008, Defendants filed a motion to dismiss alleging that Plaintiff has failed to exhaust his administrative remedies. On June 2, 2008, Plaintiff filed a response to Defendants's motion to dismiss. On June 5, 2008, Defendants's filed a reply to Plaintiff's response. On September 12, 2008, this Court ordered the parties to file simultaneous briefs discussing the applicability of *Ngo v. Woodford (Ngo III)*, 539 F.3d 1108 (9th Cir. 2008), to the issue of whether Plaintiff failed to exhaust his administrative remedies by not filing an appeal from the adverse administrative decision within fifteen days. The parties were ordered to file their respective responses to this order by October 3, 2008. On October 3, 2008, Defendants filed an application for an extension of time to respond. On October 7, 2008, this Court granted the motion as to both parties and ordered the briefs due on October 10, 2008. On October 9, 2008, Defendants filed a brief. Plaintiff, however, failed to file a brief by October 10, 2008. This Court dismissed the action without prejudice on October 21, 2008.

On November 7, 2008, Plaintiff filed an motion styled, "EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE PLEADING TO COMPLAINT AND FOR REBUTTING THE DISMISSAL Per. 28 U.S.C. Sec 2107(a) [L.R. 6-144 (c)] AND NOTICE OF APPEAL." This Court construed Plaintiff's "ex parte motion" as a motion for reconsideration. In the motion, Plaintiff alleged that he had not received the September 12, 2008, order directing him to file a brief regarding the applicability of *Ngo III* to his case. Plaintiff contended that he had not received this order due to his transfer from Tehachapi State Prison to High Desert State Prison, and that he only became cognizant of this Court's order directing him to file the brief on October 7, 2008: three days before the due date. This Court ultimately found that good cause was shown, and on November 13, 2008, vacated the order dismissing the action without prejudice (Doc. 38), granted Plaintiff's motion for reconsideration, and ordered Plaintiff to file the brief originally ordered on September 18, 2008. In conformity with that order, Plaintiff filed the brief, which this Court considered in coming to its disposition.

For the reasons set forth below, Plaintiff's complaint will be dismissed without prejudice.

**I**

The Prison Litigation Reform Act ("PLRA") definitively states that, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a compulsory prerequisite to the filing of an action, regardless of whether or not the administrative remedy is simple, fast, or effective. *Booth v. Churner*, 532 U.S. 731, 739 (2001). There are no exceptions to the exhaustion requirement, and it may not be excused in the interest of justice by the court. *Woodford v. Ngo (Ngo II)*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory") (citing *Booth*, 532 U.S. at 739). "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth*, 532 U.S. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Ngo II*, 548 U.S. at 82-83.

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."). The defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id*. at 1119-20. "[I]f the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the court must assure that [the

3

prisoner] has fair notice of his opportunity to develop a record." *Id*. at 1120 n. 14.  When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

In California, a prisoner may file an administrative grievance or may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal.Code Regs. tit. 15, § 3084.1(a).  The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints.  *Id.*  In *Ngo II*, the United States Supreme Court explained the requirements of the CDCR's grievance system as follows:

> To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates." Cal.Code Regs., tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." App. 40-41. The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.
>
> If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. *See* §§ 3084.5(b)-(d). Although California labels this "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." *Id.*, at 40. *The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken.* § 3084.6(c). This level may be bypassed by the Appeals Coordinator in certain circumstances. § 3084.5(b). Within 15 working days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.
>
> If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within 15 working days of the prior decision. Within 10 working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner

4

1
2
3
4
> otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days. § 3084.5(e)(2). An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." § 3084.3(c)(6).

*Ngo II*, 548 U.S. at 85-86 (emphasis added).

In order to satisfy section 1997e(a) of the PLRA, California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Id.* at 87. A prisoner in California is required to submit an inmate grievance or an administrative appeal at the appropriate level and proceed to the highest level of review available before filing suit. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).

## II

California Code of Regulations, Title 15, § 3084.6(c) clearly states that "[a]n appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." The events Plaintiff complains of occurred from August 5, 2004 through August 7, 2004. Therefore, Plaintiff had fifteen working days from the subject events to file his grievance, or until approximately August 30, 2004. Plaintiff, however, did not initiate the administrative process, by completing sections A and B of Form 602, until September 21, 2004, thirty-two working days after August 7, 2004. Plaintiff contends that he has "[n]o further administrative remedies" due to his failure to meet "the time constraints." (Complaint at 2). Thus, Plaintiff avers, he has exhausted his administrative remedies as required by § 1997e(a). Forfeiture of administrative remedies, however, is not exhaustion of administrative remedies. The recent United Stated Supreme Court holding in *Ngo II* establishes that the PLRA exhaustion requirement mandates proper exhaustion. *Ngo II*, 548 U.S. at 90. This includes complying with administrative deadlines. *Id.* As such, Plaintiff has failed to exhaust his administrative remedies and his complaint must be dismissed.

### III

In view of the above, IT IS HEREBY ORDERED that Plaintiff's complaint is dismissed without prejudice. The clerk is directed to enter judgment and close the case.

/////

DATED: January 8, 2009

                                           /s/ Arthur L. Alarcón
                                           UNITED STATES CIRCUIT JUDGE
                                           Sitting by Designation